**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-241C
(Filed: August 21, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
KIRK KELLER,                                    *
                                                *
        Plaintiff,                              *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
        Defendant.                              *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
AUG 21 2015
U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss the Complaint. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

Plaintiff pro se Kirk Keller is serving consecutive sentences in a North Carolina prison. Compl. 3. Plaintiff alleges that the prosecutor had insufficient evidence to support a first degree kidnapping charge because "Petitioner did not engage in any conduct that [c]ould constitute kidnapping until after his wife had stabbed and killed the victim." Id. at 1. Plaintiff states that there "was no description of any restraint, confinement or removal of the victim . . . prior to the victim's death," and that the victim "was dead before he was moved." Id. at 2. Plaintiff alleges that the trial court failed to follow an opinion by the North Carolina Court of Appeals, and that "[d]ue process of law requires that [v]indictiveness against a defendant for having successfully attacked his conviction must play no part in the sentence he receives after a new trial has been [g]ranted." Id. at 2-3.

Plaintiff requests that this Court investigate his claim, remove the first degree kidnapping charge, and order "that counsel be appointed" for resentencing. Id. at 3

### Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the Complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal citation and quotation marks omitted). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

Plaintiff's pro se Complaint, even when viewed in the manner most favorable to Plaintiff, fails to articulate a claim that is within this Court's jurisdiction. Plaintiff is challenging a conviction imposed by a state court. This Court does not have jurisdiction to review decisions rendered by state courts, as that power is vested exclusively in the Supreme Court. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983) (stating that review of state court judgments "may be had only in [the Supreme] Court"); Landers v. United States, 39 Fed. Cl. 297, 301 (1997) ("The Court does not have the power to review state court actions."). Additionally, this Court lacks jurisdiction to hear claims that are criminal in nature. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

Although this Court does possess jurisdiction to hear claims of unjust conviction, that jurisdiction is limited and must involve a request for compensation. See 28 U.S.C. § 1495. In order to succeed on a claim for compensation based on unjust conviction, a plaintiff must prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on the grounds of actual innocence, and that he did not commit the acts for which he has been charged. 28 U.S.C. § 2513(a); see also Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998); Vincin v. United States, 199 Ct. Cl. 762, 766 (1972) (per curiam). This proof must come in the form of either a court-issued certificate or a pardon. Id. at § 2513(b). Plaintiff has not made any such showing here, nor has had made a claim for compensation.

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge

2